FILED

2007 Nov-30  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

EDNA MOONEY,               )

                      )

          Plaintiff,      )

                      )     CASE NO.:

v.                     )

                      )     CV-06-RRA-690-E

LOGAN'S ROADHOUSE, INC., et al.,  )

                      )

          Defendants.   )

## MEMORANDUM OF OPINION

The plaintiff filed this action in the Circuit Court of Morgan County, Alabama, on February 8, 2006.  In her complaint, the plaintiff states that the defendant had a duty to provide its customers a safe means of entry into and exit from its restaurant, and that on February 13, 2005, the surface around the defendant's restaurant was not reasonably safe for members of the public to use. The plaintiff claims that she fell and injured herself on that date as a result of the defendant's negligent and wanton disregard for her safety. On April 7, 2006, Logan's removed the case to this court. The defendant filed a motion for summary judgment. No opposition to the motion has been filed by the plaintiff.

## STANDARD OF REVIEW

In conducting [a summary judgment analysis], [the Court must] view all evidence and factual inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment. *Id.*

*Lofton v. Secretary of Dept. of Children and Family Services,* 358 F.3d 804, 809 (11th Cir. 2004).

## UNDISPUTED MATERIAL FACTS

Mooney fell outside a Logan's restaurant in Decatur, Alabama, on February 13, 2005. Mooney knows of no witnesses to the fall. Before February 13, 2005, Mooney had visited the same Logan's restaurant on approximately nineteen occasions. During those earlier visits, neither Mooney nor anyone else with her experienced any type of slip and fall.

The plaintiff and her husband had made plans to meet their daughter, JoAnn Martin, and their granddaughter, at Logan's. The plaintiff arrived at Logan's around 11:30 a.m. that day. It had rained that morning. Mooney did not experience any problems walking into Logan's that day. The plaintiff fell while walking down the handicapped ramp to the car her husband was bringing around. The plaintiff was wearing a dress and shoes that had a quarter-inch heel. She does not know of what material the soles of her shoes were made. She testified:

Q:   And you had walked out and you were waiting on your husband to come around to pick you up, right?

A:   Right.

Q:   Had you walked to the area right before the blue paint for the handicapped area and stopped there to wait on your husband to pick you up?

A:   Yes.

Q:   And then when you saw the car coming, that is when you started down that

2

little handicapped ramp into the parking lot, correct?

A:    Yes.

*(Mooney Dep.* 55.)

Mooney claims that a <u>single peanut hull</u>, imbedded in the hell of her left shoe, caused her to fall. (*Mooney Dep.* 58.)  Mooney stated in her deposition that she had "no idea" how the peanut hull came to be in her shoe.  *Id.*  She also testified that she did not know how long it had been in her shoe, *id.* at 56, or why she had not noticed the hull before she fell, *id.* at 58. Mooney knows of no defect in the concrete, though she acknowledges that the area was wet.[1]  She did not speak with a waitress, a manager, or anyone else from Logan's after the fall.

Billy Mooney, the plaintiff's husband, did not witness his wife's fall and knows of no eye witnesses.  He never inspected the area where his wife fell and is not aware of anyone who did.  JoAnn Martin, the plaintiff's daughter, did not see Mooney fall and does not know what caused her to fall. The plaintiff told JoAnn that a single peanut shell <u>and</u> wet pavement were the causes.

<u>DISCUSSION</u>

To recover in a premises-liability action based on a fall, a plaintiff must prove: "(1) that her fall was caused by a defect or instrumentality located on the defendant's premises, (2) that the fall was the result of the defendant's negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident." *Ervin v. Excel Properties, Inc.*, 831 So.2d 38, 41 (Ala. Civ. App. 2001).  A landowner owes an invitee a duty

---

[1]After she fell to the ground, Mooney's clothing was damp.

to use reasonable care and diligence to keep the premises "in a safe condition, or, if the premises were in a dangerous condition, to give sufficient warning" so that, by use of ordinary care, an invitee can avoid danger.  *Ex parte Industrial Distribution Serv. Warehouse, Inc.*, 709 So. 2d 16, 19 (Ala. 1997).  A landowner must warn invitees of all hidden defects and dangers that are known to the landowner, which are unknown to the invitee.  *See Newton v. Creative Dining Food Systems, Inc.*, 492 So. 2d 1011, 1012 (Ala. 1986).  An owner of the premises is not an insurer of the safety of his invitees.  *See Shaw v. City of Lipscomb*, 380 So. 2d 812, 814 (Ala. 1980).  The doctrine of *res ipsa loquitur* is inapplicable in slip and fall cases.  *See Brown v. Autry Greer & Sons, Inc.*, 551 So. 2d 1049, 1050 (Ala. 1989).  There is no presumption of negligence on the mere fact of injury to an invitee.  *See Winn Dixie Store No. 1501 v. Brown*, 394 So. 2d 49, 50 (Ala. Civ. App. 1981); *see also Cash v. Winn Dixie of Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982).  As the Alabama Supreme Court has made clear, "the law doesn't say that for every injury there is a remedy.  It says for every wrong there is a remedy." *Id.*

In a slip and fall case, in order to prove the premises owner was negligent the plaintiff must establish:  (1) that the foreign substance they slipped on was on the floor a sufficient length of time to impute constructive notice to the defendant, or (2) that the defendant had actual notice of the substance's presence on the floor, or (3) that the defendant was delinquent in not discovering and removing the foreign substance.  *See Winn Dixie Store No. 1501 v. Brown*, 394 So. 2d 49, 50 (Ala. Civ. App. 1981).  In the absence of such evidence, the plaintiff has not established a prima facie case of negligence.

Of course, mere speculation cannot will not support a claim. In *Massey v. Allied Products Company, Incorporated*, 523 So. 2d 397 (Ala. 1988), the plaintiff fell on his way into the defendant's building on a surface of finely crushed rock while it was raining. *See Massey*, 523 So. 2d at 398. Similar to the plaintiff in this case, "[h]e could not state the cause of his fall, only that he believed that it must have been caused by the rain upon an accumulation of motor oil on the gravel." *See id.* The Alabama Supreme Court affirmed the trial court's entry of summary judgment, stating:

> The plaintiff must be able to present evidence that his fall was caused by a defect or instrumentality located on the premises as a result of the defendant's negligence, and of which the defendant had or should have had notice at the time of the accident. Mr. Massey failed to do this. He has been unable to produce any evidence tending to show that the defendant breached any duty owed to him. Consequently, the trial court properly granted the defendant's motion for summary judgment.

*Id.*

Plaintiff Mooney admits that she has no idea where the single peanut hull came from or how long it had been imbedded in the heel of her shoe. Also, she identified no defects that existed in the concrete in the area where she fell. Wherefore, it is concluded that Mooney has not presented evidence indicating that her fall was caused as a result of any negligent or wanton conduct by the defendant, and, therefore, her case cannot survive the defendant's motion for summary judgment. An appropriate order will be entered granting the defendant's motion.

DONE this 30th day of November, 2007.

Robert R. Armstrong, Jr.
United States Magistrate Judge

5